IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**BOARDS OF TRUSTEES OF THE AGC-OPERATING ENGINEER HEALTH AND WELFARE FUND** et al.,

   Plaintiffs,

v.

**IRONEAGLE CONSTRUCTION, INC.,**

   Defendant.

No. 3:21-cv-01702-MO

OPINION AND ORDER

**MOSMAN, J.,**

This matter comes before me on Plaintiffs' Motion for Default Judgment [ECF 9]. For the reasons below, I grant Plaintiffs' motion and enter judgment for Plaintiffs.

### BACKGROUND

Plaintiffs the Boards of Trustees of the AGC-Operating Engineer Health and Welfare Fund, the Operating Engineers Pension Funds, and the International Union of Operating Engineers Local 701-AGC Training Trust Fund ("the Trust Funds") sued Defendant Ironeagle Construction, Inc., an Oregon Corporation, in November 2021. Compl. [ECF 1]. The Trust Funds allege that this court has jurisdiction under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132, 1145. *Id.* ¶¶ 2–10. The Trust Funds are "multiemployer plans"; the Trustees of the Trust

1 – OPINION AND ORDER

Funds are "fiduciaries"; and Defendant is an "employer" for the purposes of ERISA. 29 U.S.C. §§ 1002(2), (21)(A) & (37)(A).

The Complaint alleges that Defendant is bound by a collective bargaining agreement ("CBA"), which incorporates the terms and conditions of the applicable Trust Agreements for the Trust Funds. *Id.* ¶¶ 7, 11. The CBA requires Defendant to pay fringe benefit contributions to the Trust Funds on behalf of its employees performing work under the CBA. *Id.* ¶¶ 8, 12. According to Plaintiffs, Defendant has employed workers for whom contributions are due, but has failed and refused to timely make the requirement contributions to the Trust Funds for these employees. *Id.* ¶ 15. Defendant's failure to make these payments under the CBA entitles Plaintiffs to recover the unpaid contributions, interest on those contributions, liquidated damages, and attorney fees and costs. *Id.* ¶¶ 13, 16–17.

Plaintiffs moved for an Order of Default in February 2022, which was granted the following month. Mot. for Entry of Default [ECF 5]; Clerk's Entry of Default [ECF 7]. Plaintiffs then moved for Default Judgment. They seek $7,318.24 in contributions, $669.92 in liquidated damages, and $1045.30 in interest for the months of April and May 2021. Mot. for Default J. [ECF 9] at 3–5. They also seek $991.50 in attorney fees and $507.00 in costs. *Id.* at 5.

## LEGAL STANDARD

After the entry of default, the court may grant default judgment and award damages. Fed. R. Civ. P. 55(b)(2). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The court may consider the following factors when deciding whether to grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6)

whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Upon entry of default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). "Thus, the court must accept plaintiff's facts in the complaint as true, but the plaintiff must prove damages." *Joe Hand Prods. v. Holmes*, No. 2:12-CV-00535-SU, 2015 WL 5144297, at *3 (D. Or. Aug. 31, 2015) (citing *TeleVideo Sys.*, 826 F.2d at 917–18).

ERISA requires "[e]very employer" obligated to make contributions to a multiemployer plan to make such contributions consistent with the terms of the plan. 29 U.S.C. § 1145. In an ERISA action in which judgment is rendered in favor of the plan, the court shall award unpaid contributions, interest, liquidated damages provided for in the plan, and reasonable attorney fees and costs. 29 U.S.C. § 1132(g)(2). Liquidated damages cannot exceed 20% of the delinquent contributions. *Id.* § 1132(g)(2)(c)(ii).

In ERISA cases, fee awards "are calculated using a hybrid lodestar/multiplier approach." *McElwaine v. US W., Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). "To calculate the 'lodestar' amount, [courts] multiply the number of hours reasonably expended by the attorney(s) on the litigation by a reasonable hourly rate, raising or lowering the lodestar according to factors identified by [the Ninth Circuit]." *Id.* The Ninth Circuit instructs courts to consider

> (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the

3 – OPINION AND ORDER

"undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105, 1117 (9th Cir. 1979).

## DISCUSSION

Taking the factual allegations in the Complaint as true, Defendant, an "employer" under ERISA, failed to make the required contributions for April and May 2021. The Trust Funds meet ERISA's definition of fiduciaries, and the Trust Agreement (and its Delinquency Procedure) is an ERISA plan. Plaintiffs must still prove damages. The declaration accompanying the motion and its supporting documentation make clear that (1) there were unpaid contributions, (2) the plan provides for a 12% annual interest rate on those delinquent contributions, and (3) liquidated damages of 10% are also permitted by the plan, well beneath the statutory maximum rate of 20%. Pardee Decl. [ECF 10] ¶¶ 7, 10, 17. The amounts calculated by Plaintiffs—$7,318.24 in contributions, $1,045.30 in interest, and $669.92 in liquidated damages—are persuasive based on the evidence provided. *See* Pardee Decl., Ex. 8 at 2–3.

I find that the factual allegations in the Complaint establish 29 U.S.C. § 1145's elements against Defendant. Turning to the *Eitel* factors, I find that the possibility of prejudice to Plaintiffs, the merits of Plaintiffs' substantive claim, the sufficiency of the complaint, and the sum of money at stake outweigh any other interests. I therefore grant default judgment to Plaintiffs on their ERISA claim and award the amounts requested.

Similarly, Plaintiffs have provided a declaration by their attorney regarding fees and costs. Dwarzski Decl. [ECF 11] ¶¶ 4–5. That declaration, in accordance with the lodestar method, provides the attorneys' hourly rate and the number of hours expended. Dwarzski Decl., Ex. A. Considering the *Seymour* factors discussed above, I find the attorney fees and costs reasonable and award the amounts requested.

4 – OPINION AND ORDER

## CONCLUSION

For the reasons given above, I GRANT default judgment to Plaintiffs on their ERISA claim. I AWARD the following in damages: $7,318.24 in contributions, $1,045.30 in interest, and $669.92 in liquidated damages, for a total of $9,033.46. I also AWARD $991.50 in attorney fees and $507.00 in costs.

IT IS SO ORDERED.

DATED this 5th day of December, 2022.

_____
MICHAEL W. MOSMAN
Senior United States District Judge

5 – OPINION AND ORDER